UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) No. 08-30023-MAP |
| | ) |
| HECTOR ADORNO, | ) |
|   Defendant. | ) |

## GOVERNMENT STATUS REPORT

The United States, by and through Assistant United States Attorneys Nathaniel R. Mendell and Jennifer H. Zacks, submits this status report regarding the defendant's pending motion, filed pursuant to 18 U.S.C. §3582.[1]

**a.  The defendant's eligibility for a reduction of sentence in accordance with 18 U.S.C. §3582.**

**1.  Procedural background.**

The defendant was charged with one count of conspiracy to possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §846, and three counts of possession with intent to distribute and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §841(b)(1)(B0.  D.1. On June 11, 2009, the defendant pled guilty without a plea agreement.

The PSR found the defendant responsible for 81.7 grams of cocaine base, corresponding to a base offense level ("BOL") of 30.  PSR ¶33.  After a three-level

---

[1] The government has circulated a draft of this status report, including the government's recommendation to defense counsel of record.

1

reduction for acceptance of responsibility, the defendant's total offense level ("TOL") was 27. PSR ¶¶39-40. The defendant was in criminal history category ("CHC") VI, which resulted in a guideline sentencing range ("GSR") of 130 to 162 months. PSR ¶ 134. The PSR also found that a 120-month statutory mandatory minimum sentence applied because defendant was responsible for five grams or more or cocaine base and the government had filed an information pursuant to 21 U.S.C. §851. D.5.

The Court adopted the guideline calculations set forth in the PSR. D.79 at 7. The Court imposed a below-guidelines sentence of 120 months, explaining that it:

> imposed a sentence outside of and below the advisory guidelines due to consideration of Title 18 U.S.C. §3553(a) factors, specifically, that the mandatory minimum sentence of 120 months is an appropriate sentence is an appropriate sentence because of the unreasonable ratio between crack cocaine and powder cocaine in determining federal sentences.

D.79 at 9.

On August 31, 2012, the defendant moved for a reduction in his sentence, citing 18 U.S.C. §3582 and the Fair Sentencing Act ("FSA") of 2010, which generally reduced the offense levels applicable to crack cocaine offenses. D.105. The government opposed the motion, noting that the defendant had been sentenced to the statutory mandatory minimum and that the FSA did not retroactively alter the triggering quantities for the statutory mandatory minimum. D.106. The Court denied the defendant's motion, stating, "[t]he Defendant's sentence was imposed

prior to the date of the Fair Sentencing Act. The court is therefore without the power to reduce the sentence." D.107; *see* D.108.

The defendant has a current projected release date of August 3, 2017.

**2. The defendant's eligibility for relief.**

The defendant is not eligible for a reduction in his sentence. As a matter of law, a defendant's sentence cannot be reduced below the minimum mandated by statute. The Sentencing Commission has affirmed "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. §3582(c) and is not consistent with this policy statement if . . . an . . . amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment." USSG §1B1.10 app. Note 1(A); *see United States v. Ganun*, 547 F.3d 46 (1st Cir. 2008)(per curiam); *United States v. Goncalves*, 642 F.3d 245, 252-55 (1st Cir. 2011).

**b. Revised Guideline Calculation.**

Using the revised drug quantity table, the defendant's BOL is 24 and his revised TOL is 21. Given that the defendant is in CHC VI, the defendant's revised GSR would be 77 to 96 months. However, because the defendant remains subject to a statutory mandatory minimum of 120 months, his revised GSR is 120 months. *See* USSG §5G1.1.

**c. Sentencing recommendation.**

The defendant is not eligible for a reduction in his sentence

**d.   Whether a hearing is required.**

No hearing is required.

**e.   Earliest projected release date based on the low end of the revised guideline calculation.**

The defendant's projected date of release is unchanged.

**f.   Proposed briefing schedule on contested issues.**

No further briefing is required.

**g.   Whether a transcript is required.**

The government has reviewed the sentencing transcript.

**h.   Plea agreement.**

There was no plea agreement in this case.


Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Jennifer H. Zacks
Nathaniel R. Mendell
Jennifer H. Zacks
Assistant U.S. Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3109
DC Bar No. 431747
jennifer.zacks@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF):

/s/ Jennifer Hay Zacks
JENNIFER HAY ZACKS
Assistant United States Attorney

Date: June 24, 2015