UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
)
)
v. ) Criminal No. 08-30023-MGM
)
)
HECTOR ADORNO, )
Defendant. )

MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION
FOR REVOCATION OF DETENTION ORDER

On June 13, 2018, defendant Hector Adorno was resentenced by the Honorable Michael A. Ponsor to time served with three years of supervised release on the two counts of criminal conduct for which he was indicted in 2008.[1] Supervision commenced on June 13, 2018. The court's probation department filed a first petition for warrant or summons for offender under supervision as to Mr. Adorno on November 5, 2018, alleging the illegal use of controlled substances on more than four occasions. There have been a number of amendments to the initial petition to bring additional instances of the illegal use of a controlled substance to the court's attention. The petition was amended on February 13, 2019 to add as a second violation the allegation that the defendant violated the condition of supervised release that he not commit another federal, state, or local crime (Dkt. No. 238 (ex parte)). The petition noted two pending criminal complaints, filed by the Chicopee Police Department, alleging separate violations of an abuse prevention order obtained by J.S., who is the mother of the defendant's son. The abuse prevention order prohibited contact with J.S. and her children, including the defendant's son. The criminal complaints alleged, in summary,

---

[1] The defendant was charged with: (1) conspiracy to possess with intent to distribute cocaine base; and (2) possession with intent to distribute and distribution of cocaine base.

1

that the defendant called to his son while the child was walking to the school bus and said, "I love you," and that, on another occasion, J.S. saw the defendant, with his girlfriend in the vehicle, drive past J.S.'s residence.  The defendant appeared before the Honorable Mark G. Mastroianni on February 20, 2019.  The defendant admitted the first violation (illegal use of controlled substances).  Violation 2 was held in abeyance for the purpose of tracking the state court case.  Judge Mastroianni added as a condition that the defendant complete an evaluation through the Springfield Community Corrections Center and abide by the recommendations of the program in collaboration with the probation department.  With this additional condition in place, the defendant remained on supervised release following the February 19, 2019 hearing.

Now pending before the court is the eighth amended petition ("Petition 8") filed by the probation department on May 20, 2019 (Dkt. No. 252 (ex parte)).  In addition to the unresolved second violation alleged in the February 13, 2019 petition, the eighth amended petition alleges that the defendant's participation in the evaluation and recommendations of the Springfield Community Corrections center has been deficient.  Most importantly, for purposes of this motion, the petition alleges that the defendant has been charged with committing additional state crimes.  He has been indicted by a state grand jury for assault and battery with a dangerous weapon following his involvement in a violent incident outside of the Aquarius night club on or around April 14, 2019 during which a man was assaulted and a police officer was shot.  The defendant's brother also was shot during the incident.  The petition further alleges that the defendant has been charged in the Chicopee District Court with possession of a firearm and ammunition without a firearms identification card and illegal possession of a firearm.  According to Petition 8, when police officers arrested the defendant in connection with the events at the Aquarius night club, there was a firearm on the table beside the bed in which he was lying (Dkt. No. 252 (ex parte)).

When this court conducted the defendant's May 30, 2019 initial appearance in connection with the allegations in Petition 8, he was in state custody. Following consultation with counsel, the defendant agreed to entry of a prehearing detention order without prejudice to his right to request a detention hearing at a later date. Bail has been set for the defendant in the amount of $10,000 by the Hampden County Superior Court and $5,000 by the Chicopee District Court. Defense counsel represented that, with the assistance of family and friends, the defendant is in a position to post these amounts and obtain release from state custody. This court held a hearing on the defendant's motion for prehearing release on September 3, 2019. Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), in seeking release pending a final hearing on alleged violations of supervised release, the defendant has the burden of showing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community if he is released. As additional conditions of release pending a final hearing, the defendant proposed home confinement at his mother's residence with absences from the residence only for medical and legal visits, electronic location monitoring to ensure his presence in the residence, and an unsecured $5,000 bond signed by his mother.

At the hearing, the parties agreed on the entry into evidence of a video showing conduct by the defendant and others outside of the Aquarius night club on or around April 14, 2019 ("Exhibit 1"). The defendant does not dispute that it is he who is shown in the video or that it shows him hitting an individual.[2] Through counsel, he represented that the confrontation was related to his on-going efforts to see his son with J.S. Counsel represented that J.S. resisted the defendant's claim of paternity (now established by DNA testing) and persisted in blocking his efforts to obtain visitation

---

[2] It is the court's understanding that the defendant does not concede the use of a dangerous weapon. A state court grand jury has, however, found probable cause to indict him for assault and battery with a dangerous weapon. So far as the court is aware, the Commonwealth does not allege that the defendant shot anyone on or around April 14, 2019. It has been widely reported that the individual the defendant hit retrieved and used a firearm after the fight with the defendant.

with his son. Through counsel, the defendant further asserted that the individual he assaulted outside the night club was somehow related to or otherwise associated with J.S. The government's position is that, regardless of the reasons for the defendant's involvement, the events at the night club and the firearms charges against the defendant show a volatile situation that is dangerous to members of the community and to the defendant. I agree with the government and find that the defendant has failed to show by clear and convincing evidence that there are conditions of supervision that will reasonably assure the safety of the community if he is released pending a final revocation hearing.

Exhibit 1 shows the defendant running up to and twice punching or slapping an individual who was about to get into a car, and thereafter either pushing or causing the individual to retreat from the car. The attack appears unprovoked. The defendant seems to be yelling and pointing at the individual as a group of some seven to eight other people approach and surround the individual in a menacing manner. The defendant and others then hit or push the man until he falls down, when the defendant delivers a series of blows to the man's head before someone pulls him away. As the defendant and his associates leave, the man gets up. A minute or so later, he retrieves an object from the car he was near when the defendant first approached him and hides it behind his back. A reasonable inference from the man's behavior is that he retrieved a gun. Petition 8 further alleges that, on May 15, 2019, when the police arrived at the defendant's girlfriend's residence with an arrest warrant for the defendant, he was in bed with a firearm and ammunition on the table right next to the bed where he was lying.

Based on the video and the state grand jury's probable cause determination, the court finds that the defendant provoked a violent conflict in which he solicited the help of seven to eight others to assault a man. Petition 8 alleges, based on a police report the contents of which the defendant has not called into question, that, *a full month later*, the defendant was found in bed with a gun in easy

4

reach, raising the inference that he anticipated possible violence and was prepared to defend himself with the weapon.  Assuming he had the firearm, he could not have obtained it legally.  The defendant's initiation of a violent confrontation in which he involved seven to eight other individuals and his alleged illegal possession of a firearm and ammunition posed a serious danger to the community and to this court's probation officers who had the defendant under supervision and were required to meet with him.  The defendant's proposed conditions do not adequately address the risk that, in home confinement, he could still engage others (possibly including family members) in the volatile situation in which he involved himself or that the conflict could come to him.  Moreover, the defendant's poor performance on supervision does not give the court confidence that he is motivated to comply with conditions of supervision, increasing the danger to the community if he is released.   For these reasons, Defendant's Motion for Revocation of Detention Order is denied.  In view of the court's decision to order the defendant detained in federal custody if he makes bail in the state court, defense counsel is direct to notify the Clerk's Office whether the defendant intends to assert his right to a preliminary hearing and the Clerk's Office is directed to confer with counsel for both parties about a date for a final revocation hearing before Judge Mastroianni.

It is so ordered.                                          /s/ Katherine A. Robertson
                                                           KATHERINE A. ROBERTSON
Dated:  September 6, 2019                                  U.S. MAGISTRATE JUDGE